UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| DUSTIN KINNETT, | : | Case No. 3:25-cv-00248 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| THE STATE OF OHIO, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

This is the second of two lawsuits filed by Plaintiff Dustin Kinnett that are currently pending before this Court.[1] This case concerns claims of wrongful foreclosure and fraudulent concealment with respect to Plaintiff's real estate located at 19411 Pence Road, among other things. (Doc. No. 1-1.) Plaintiff made similar claims in the now-closed case of *Dustin Kinnett v. The State of Ohio, et al.*, Case No. 2:24-cv-4172 (S.D. Ohio).

Plaintiff is proceeding in the case without the assistance of counsel. He also asks to proceed *in forma pauperis* (or "IFP") and without pre-paying the filing costs under 28 U.S.C. § 1915. For the reasons that follow, the undersigned Magistrate Judge recommends that the Court **DENY** his Application and **ORDER** him to pay the fees in full to proceed.

---

[1] The first pending case is similarly captioned *Dustin M. Kinnett v. State of Ohio, et al.,* Case No. 3:25-cv-208, and concerns a child custody dispute. (*See* Doc. No. 26 in Case No. 3:25-cv-208.)

Under 28 U.S.C. § 1915, "the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form[.]" *See West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022).

Here, Plaintiff has not answered all the questions in the IFP Application. (*See* Doc. No. 1 at PageID 2 [Question IV – no answer to the question of how much money Plaintiff received from all sources over the last twelve months].) Some of his answers appear to conflict with each other. (*See id*. at PageID 2-3 [*compare* Question III – Plaintiff states he has no dependents *with* Question VII – Plaintiff states he pays child support] [also *compare* Question I *with* Question VII – Plaintiff states he makes around only $400 per month but says he pays monthly expenses that exceed that amount].) And some answers appear to conflict with answers provided in his other pending case. (*Compare* Doc. No. 1 [Question V] *with* Doc Nos. 9, 29 in Case No. 3:25-cv-208 [Question V] – giving different estimated values of the real estate at issue here].)

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted leave to proceed *in forma pauperis*. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate he should be granted *in forma pauperis* status." *Givens v. Shadyside Police Dep't*, No. 2:22-cv-4268, 2023 WL

3089066, at *5 (S.D. Ohio Apr. 26, 2023), *report and recommendation adopted*, 2023 WL 3868394 (S.D. Ohio June 7, 2023) (citing Fed. R. Civ. P. 11 and *West*, 2022 WL 18142399, at *1).

Here, Plaintiff has not fully answered the questions on the IFP Application and has not met his burden to show he should be granted IFP status. Given the discrepancies, the undersigned is also unconvinced that he has fully disclosed his financial status. It is unclear how Plaintiff supports himself or his dependent(s). It is unclear how much money he makes, and what his monthly expenses truly are. Ultimately, the undersigned cannot conclude from Application that Plaintiff's poverty prevents him from paying $405 in this case while still providing for the necessities of life. *See Adkins*, 335 U.S. at 339.

These are the same reasons that this Court denied Plaintiff's application to proceed IFP in his now-closed case. *See Kinnett v. State of Ohio*, No. 2:24-cv-4172, 2024 U.S. Dist. LEXIS 227905, at *1-3 (S.D. Ohio Dec. 17, 2024) (Jolson, M.J.), *report and recommendation adopted,* 2025 U.S. Dist. LEXIS 15816, at *1 (S.D. Ohio Jan. 29, 2025) (Morrison, C.J.). When he re-filed his "fraudulent foreclosure" claims in this case, he had already been advised that the Court required "more specificity" in his answers. *Id*. These are also the same reasons that the undersigned has recommended that the Court deny Plaintiff's IFP Applications in his related pending case. (*See* Report & Recommendation, Doc. No. 30 in Case No 3:25-cv-208, incorporated herein by reference.)

The undersigned therefore **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and **ORDER** him to pay $405 (the $350 filing fee plus a $55 administrative fee) in full within thirty days if he wants to proceed with this case.

3

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of this Court. Plaintiff is reminded that he must keep the Court informed of his current mailing address while this case is pending.

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also

operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).